IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF IOWA (WESTERN DIVISION)

|  |  |
|---|---|
| LINDA BOHNENKAMP and STEVE BOHNENKAMP, <br><br> Plaintiffs, <br><br> vs. <br><br> AVERA HEALTH, A South Dakota Corporation, FLOYD VALLEY HOSPITAL, an Iowa Corporation, GARY TILLMAN, and JON CLEGG; <br><br> Defendants. | No. 15-cv-4257-MWB <br><br><br> COMPLAINT |

COME NOW the Plaintiffs Linda Bohnenkamp and Steve Bohnenkamp, and in support of this cause of action against the above named Defendants state as follows:

JURISDICTIONAL FACTS

1. At all times material hereto, Plaintiffs Linda and Steve Bohnenkamp were residents of Plymouth County, Iowa.

2. Defendant Avera Health is a duly organized and licensed South Dakota Corporation.

3. Defendant Floyd Valley Hospital is a hospital located, incorporated and doing business in the State of Iowa, City of Le Mars. Floyd Valley Hospital is a partner with Defendant Avera Health.

4. Defendants Gary Tillman, CRNA and Jon Clegg, CRNA are employees or agents of Defendant Avera Health and/ or Floyd Valley Hospital. Defendant Gary Tillman's primary place of employment is at Defendant Floyd Valley Hospital. Defendant Jon Clegg has a contract to perform services at Floyd Valley Hospital.

5. The court has subject matter jurisdiction over this action as a result of diversity of jurisdiction. Venue is proper as the events at issue took place in Le Mars, Iowa, which is part of the United States District Court, Northern District of Iowa.

6. The amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

7. On December 23, 2013 Linda Bohnenkamp presented to Floyd Valley Hospital for a *Preoperative History and Physical*. The medical professionals, who are also employees and/or agents of Defendants Avera Health and/ or Floyd Valley Hospital, completed the *History and Physical* and determined that Linda Bohnenkamp was medically cleared for surgery and anesthesia.

8. On December 30, 2013, Linda Bohnenkamp arrived at Floyd Valley Hospital for her scheduled knee replacement surgery.

9. Prior to surgery, Gary Tillman, CRNA (Certified Registered Nurse Anesthetist), inserted an epidural near Linda Bohnenkamp's spinal cord. Gary Tillman ordered additional sedatives and medications for Linda Bohnenkamp as part of her pain management treatment.

10. After having her knee replaced, Linda Bohnenkamp was taken to a recovery room in satisfactory condition.

11. Linda Bohnenkamp was scheduled to remain in the hospital overnight for 2-4 days.

12. Gary Tillman directed Avera Health and/ or Floyd Valley Hospital employees to "Call Anesthesia" if Linda Bohnenkamp had the following symptoms: severe or persistent pain, excessive drowsiness, itching or nausea unrelieved by medications, lower extremity neurologic changes, and respiratory rates of less than 10 per minutes.

13. Linda Bohnenkamp had many of those symptoms in the hours following her surgery. She also had a fever. Linda Bohnenkamp's speech was confusing and she was not making sense when speaking with staff members. Linda Bohnenkamp also complained a severe back pain.

14. The following night at approximately 10:15 p.m., the epidural was removed from the area near Linda Bohnenkamp's spine cord.

15. Within a couple of hours of the removal of the epidural, Linda Bohnenkamp summoned a nurse to complain of numbness and further advised the nurse that she was very concerned about being numb.

16. Shortly before 1:00 a.m. on January 1st, 2014, Jon Clegg, CRNA was called by Avera Health and/ or Floyd Valley Hospital employees for direction and guidance as a result of the onset of Linda's numbness, her continued fever, her confusing speech, and other symptoms.

17. Jon Clegg, CRNA, advised via telephone, that the epidural was wearing off and that staff should monitor Linda Bohnenkamp.

18. Staff checked on Linda Bohnenkamp two hours later and she was still numb.

19. Four hours later, staff checked on Linda once again and also assessed her at that time. Linda Bohnenkamp had lost all feeling from right below her chest down through her toes. She had extreme back pain. There was a small amount of dried blood in the area of where the epidural had been removed.

COUNT I

(Negligence of Avera Health and Floyd Valley Hospital)

20. Plaintiffs re-plead paragraphs 1- 19 as though fully set forth herein.

21. That when Linda Bohnenkamp elected to have a knee replacement surgery at Floyd Valley Hospital, she came under the care of Certified Registered Nurse Anesthetists Gary Tillman and Jon Clegg and a staff of medical professional who were, at all times material hereto, duly authorized agents, employees and / or representatives of Defendants Avera Health and Floyd Valley Hospital.

22. That from December 30th when the epidural catheter was inserted and the spinal cord injury began to occur, until January 1st at about 9:00 a.m., Linda Bohnenkamp's injuries were not properly diagnosed or treated.

23. That within the facility of Defendant Avera Health and Floyd Valley Hospital was a staff of various health care professionals, including but not limited to physicians, registered nurses, and others.

24. That at all times, Defendants Avera Health and Floyd Valley Hospital held itself out as an entity having sufficient expertise, through the various members of its healthcare professional staff, to provide care consistent with recognized standards of medical care whose purpose is to maintain the health and wellbeing of the patient.

25. That Defendants Avera Health and Floyd Valley Hospital had a fluoroscopic machine designed to assist with placement of epidurals to prevent injuries to the spinal cord.

26. That when Linda Bohnenkamp presented with symptoms strongly suggestive of a spinal cord injury, in the hours following the insertion of the epidural catheter, Defendants Avera Health and Floyd Valley Hospital were negligent and failed to comply with accepted standards of medical care and practice by reason of the acts and/ or omissions of its duly authorized staff in one or more of the following ways;

   a. In failing to order an MRI after Linda experienced numbness of her abdomen and thoracic pain;
   b. In failing to ensure the use of the fluoroscopic machine;
   c. In failing to timely diagnose Linda Bohnenkamp with a spinal cord injury;
   d. In failing to treat Linda Bohnenkamp after she summoned the nurse with concerns of numbness;
   e. In failing to ensure that its staff followed proper needle placement of the epidural with sterile equipment while using and demonstrating a thorough understanding of fluoroscopic imaging;
   f. In failing to properly clean and maintain the epidural catheter after insertion;
   g. In failing to exercise that degree of skill, care and learning ordinarily possessed and exercised by other medical professionals under similar circumstances,
   h. In overmedicating Linda Bohnenkamp.

27. That the negligence of Avera Health and Floyd Valley Hospital was a proximate cause of the injuries sustained by Linda Bohnenkamp. The injuries received by Linda Bohnenkamp were within the scope of their liability and were injuries that could have been avoided had the health care professional staff of Defendants Avera Health and Floyd Valley Hospital followed and complied with accepted standards of medical care during the course of Linda Bohnenkamp's hospitalization.

28. That as a direct result of the substandard care provided to Linda Bohnenkamp, she has suffered the following harms and losses:

   a. Past, present and future medical expenses;
   b. Past, present and future pain and suffering;
   c. Loss of wages, loss of health insurance and loss of employment benefits;
   d. Loss of earning capacity;
   e. Past, present and future loss of function of body and mind.

COUNT II
(Negligence of Gary Tillman, CRNA and Jon Clegg, CRNA)

29. Plaintiffs re-plead paragraphs 1-28 as though fully set forth herein.

30. That at all times material hereto, Gary Tillman and Jon Clegg, as employees, agents or apparent agents of Avera Health and/ or Floyd Valley Hospital, were Certified Registered Nurse Anesthetists assigned to provide epidural and anesthetic care to Plaintiff Linda Bohnenkamp.

31. Both Gary Tillman and Jon Clegg held themselves out as individuals having sufficient expertise to provide anesthetic services.

32. Gary Tillman chose to perform procedures that included inserting an epidural catheter in the area near the spinal cord of Linda Bohnenkamp. The procedures utilized by Gary Tillman to insert the epidural and the placement of the epidural itself, were causes of the acute and sudden injury to Linda Bohnenkamp's spinal cord.

33. Subsequent to the removal of the epidural 36 hours after it has been inserted, Jon Clegg breached his duty of care by failing to treat Linda Bohnenkamp, failing to take any steps to attempt to diagnose the spinal cord injury, and by failing to order any course of treatment to mitigate or decrease the injuries and harms suffered by Linda Bohnenkamp.

34. After being advised that Linda Bohnenkamp was numb, could not feel parts of her body and had thoracic pain, Jon Clegg directed staff to monitor Linda Bohnenkamp.

35. Both Gary Tillman and Jon Clegg breached their duties of professional care. As a direct result of the breaches of the duties of professional care by Defendants Tillman and Clegg, Plaintiff Linda Bohnenkamp was harmed.

36. Defendants Tillman and Clegg were negligent and failed to comply with accepted standards of medical care and practice as stated above and /or by reason of one or more of the following acts and/ or omissions:
   a. By inserting an epidural, epidural catheter and/or other particle near the spinal cord of Linda Bohnenkamp;
   b. By blocking the normal blood flow near Linda Bohnenkamp's spinal cord and causing a spinal stroke;
   c. In failing to use the fluoroscopy machine;
   d. In failing to treat and care for Linda Bohnenkamp when symptoms of spinal cord injury were present and identified;

e. In failing to timely diagnose Linda Bohnenkamp with a spinal cord injury;

f. In choosing to sedate Linda Bohnenkamp prior to the insertion of the epidural and overmedicating her afterwards;

g. In the failure of Jon Clegg to examine Linda in the early morning hours of January 1st after Linda experienced numbness of her abdomen and thoracic pain;

h. In failing to order a MRI of the thoracic spine and seeking a consult on anticoagulation once spinal cord ischemia was diagnosed;

i. In failing to exercise that degree of skill, care and learning ordinarily possessed and exercised by other medical professionals under similar circumstances.

37. That as a direct result of the substandard care provided to Linda Bohnenkamp, she has suffered the following harms and losses:

f. Past, present and future medical expenses;
g. Past, present and future pain and suffering;
h. Loss of wages, loss of health insurance and loss of employment benefits;
i. Loss of earning capacity;
j. Past, present and future loss of function of body and mind.

## COUNT III
### LOSS OF CONSORTIUM

38. Plaintiffs re-plead paragraphs 1- 37 as though fully set forth herein.

39. At all times material hereto, Steven Bohnenkamp was the spouse of Linda Bohnenkamp.

40. As a result of the negligence of the Defendants, Steven Bohnenkamp was directly harmed.

41. The type of harm suffered by Steven Bohnenkamp was within the scope of liability created by the negligent conduct of the Defendants.

42. As a result of the injuries sustained by his spouse; Steve Bohnenkamp has endured and will continue to endure the loss of his wife's aid, services, support, affection, consortium and companionship.

WHEREFORE, the Plaintiffs Linda and Steve Bohnenkamp pray that the court enter judgment against Defendants Avera Health, Floyd Valley Hospital, Gary Tillman and Jon Clegg in favor of Linda and Steve Bohnenkamp in an amount that will fully compensate them for their harms and losses, together with interests and the costs of this action.

| | |
|---|---|
| **LARRY HELVEY LAW FIRM** | **JUDY L FREKING P.C.** |
| By:/s/Larry D. Helvey, M.D., J.D. | By: /s/ Judy L. Freking |
| Larry D. Helvey AT000342 | Judy L FrekingATT0002707 |
| 2735 1st Avenue SE, Suite 101 | 315 Plymouth Street NW |
| Cedar Rapids, Iowa 52402 | Le Mars, IA 51031 |
| Telephone: 319-362-0421 | Tel: 712.546.5554 |
| Facsimile: 319-362-3496 | Fax: 712.546.5526 |
| E-mail: lhelvey@helveylaw.com | judycfreking@gmail.com |